FILED
SUPERIOR COURT
OF GUAM

2024 APR 24 PM 2: 27

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SRLYNN ASKIN,<br><br>Petitioner,<br><br>vs.<br><br>BILLY ALEX RUBEN,<br><br>Respondent. | PROTECTIVE ORDER CASE NO.<br>PO0095-23<br><br>**DECISION AND ORDER PARTIALLY<br>GRANTING MOTION FOR<br>RECONSIDERATION** |

Respondent Billy Alex Ruben moves the Court to reconsider its Order After Hearing issued on October 20, 2023, requiring Ruben to pay Petitioner Srlynn Askin $500. In issuing this Order, the Court did not analyze Ruben's ability to pay. Upon review of the relevant law and rules, the Court GRANTS Ruben's Motion for Reconsideration on the limited issue of his ability to pay.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Askin petitioned the Court for a protective order on September 26, 2023. In her Petition for a Temporary Protective Order and Order to Show Cause signed under penalty of perjury, Askin provides that the parties previously lived together and have two children in common. On the same day as the Petition was filed, the Court issued a Temporary Order of Protection which ordered Ruben to immediately deliver Askin's "two mobile cellphones, a Samsung Galaxy A3 and another Samsung phone." Order to Show Cause Temp. Order of Prot. at 2 (Sept. 26, 2023).

At the October 6, 2023 hearing on the Petition, Ruben consented to the protective order. However, Askin brought to the Court's attention that Ruben had failed to return the cellphones as previously ordered. The Court continued the hearing to address the issue of the cellphones.

ORIGINAL

Rubin failed to appear at the continued hearing on October 18, 2023. However, his attorney, Alisha Molyneux, appeared and argued that Ruben should only be responsible for repayment of one of the cellphones, not both. Based on Rubin's failure to return the cellphones, the Court took testimony from Askin regarding the cost of the phones. The Court then found that Rubin should be responsible for providing financial support in the form of repayment for the cellphones, that he has a duty to provide support, and ordered Rubin to pay $500 to Askin to replace the phones. On October 20, 2023, the Court issued an Order After Hearing memorializing this ruling and specifically providing 7 GCA § 40105(a)(5)(D) as the basis.

On December 20, 2023, Askin moved the Court to find Ruben in contempt for failing to pay her $500 for the two phones. The Court held a hearing on the Motion, but Ruben failed to appear. The Court then scheduled a continued hearing on the Motion for January 24, 2024, and Ruben once again failed to appear. However, Attorney Molyneux appeared and orally moved the Court to reconsider its October 20, 2023 Order After Hearing. The Court informed Attorney Molyneux that she would need to file a written motion.

Subsequently, on January 29, 2024, Ruben filed a Motion to Reconsider and Opposition to Finding of Contempt. As it related to reconsideration, Ruben moved for reconsideration under 7 GCA § 40105(b) and Guam Rule of Civil Procedure 60, arguing that section 40105(a)--the section the Court used to order the $500 payment--does not apply because the parties were never married and have not lived together. Additionally, Ruben argued that he does not have the ability to pay. Askin opposes this Motion arguing the parties did live together for four years and Ruben has not provided information regarding his financial situation for the Court to consider.

ORIGINAL

## II.   **LAW AND DISCUSSION**

Guam Rule of Civil Procedure 60(b) provides for relief from final judgments and orders on the grounds of mistake or for another reason justifying relief. In addition to Rule 60, Ruben moves for reconsideration based on 7 GCA § 40105(b), which specifically applies to protective orders, and provides "[t]he court may amend its order or agreement at any time upon subsequent petition or motion filed by either party."

In ordering Ruben to pay Askin $500, the Court applied 7 GCA § 40105(a)(5) which allows the Court to issue an order to "bring about the cessation of abuse" under the following circumstances:

> [W]hen the plaintiff and defendant are spouses, or persons who have a dependent child or children in common and who live together, and if necessary to maintain the safety and basic needs of the plaintiff or the minor child or children in common of the plaintiff and defendant...directing the defendant to...provide financial support for the benefit of any minor child or children in common of the of the plaintiff and the defendant; provided that the defendant has a legal duty to support such child or children and the ability to pay.

The Court first addresses Ruben's argument that the parties were never married and never lived together. The statute does not require the parties to be both married and living together. Instead, it provides that the parties can be married *or* have children in common and live together. Here, it is undisputed that the parties have children in common. Additionally, Ruben has provided no testimony or declaration to support his assertion that the parties never lived together; meanwhile, Askin's Petition declared under penalty of perjury that they lived together. Therefore, no basis for relief under Rule 60(b) applies, and the Court sees no reason to amend its $500 judgment on this basis as the law allows for relief under these exact circumstances.

ORIGINAL

The Court now turns to Ruben's ability to pay. At the hearing on October 18, Ruben failed to appear. His attorney did not raise any arguments regarding his ability to pay but instead argued that the Court should only find him responsible for reimbursing one of the phones. However, the statute allows an order to be issued pursuant to section 40105(a)(5) "provided that the defendant has...the ability to pay," indicating Ruben's ability to pay must be addressed before the issuance of an order to provide support. At both the October 18 hearing and in its Order After Hearing, the Court did not address the issue of Ruben's ability to pay. The Court finds it necessary to rectify this omission to ensure full compliance with section 40105 and will do so in an upcoming, noticed hearing.

## III.  CONCLUSION AND ORDER

The Court GRANTS Ruben's Motion for Reconsideration on the issue of his ability to pay and will hold an evidentiary hearing on this issue on May 22, 2024, at 11:00 a.m. A separate notice to Ruben shall be issued.

**SO ORDERED, 24 April 2024.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**